UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| DAMIEN LAMONT GLOVER, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | CV418-020 |
| | ) | CR416-258 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

The Court sentenced Damien Lamont Glover to 151 months' imprisonment after he pled guilty to conspiracy to possess with intent to distribute controlled substances. Docs. 84 (plea agreement) & 85 (judgment).[1] His plea agreement provided that he faced a sentence of up 20 years (the statutory maximum), and he swore that "no one ha[d] promised [him] that the Court will impose any particular sentence or sentence within any particular range." Doc. 84 at 5-6. He further affirmed his understanding that the Court would consider "all of [his] relevant conduct" under the advisory Sentencing Guidelines, "not just

---

[1]   The Court is citing to the criminal docket in CR416-258 unless otherwise noted, and all page numbers are those imprinted by the Court's docketing software.

the facts underlying the particular Count to which [he] is pleading guilty." *Id.* at 6.  Finally, Glover swore that he "had the benefit of legal counsel" who he "believe[d] . . . has represented him faithfully, skillfully, and diligently" and that "he is completely satisfied with the legal advice given and the work performed by his attorney." *Id.* at 8.  After sentencing, movant elected *not* to appeal his conviction.  Doc. 84 (Notice of Post-Conviction Consultation).[2]

Glover now contradicts these sworn affirmations, seeking to vacate his sentence pursuant to 28 U.S.C. § 2255.  Doc. 96.  He alleges counsel was ineffective for "misleading" him into pleading guilty, having promised him a sentence capped at "five years," and for failing to appeal his conviction despite being told to do so.[3]  Doc. 96 at 13-17.

---

[2]  The Notice is a document this Court developed to memorialize counsel's consultation with his client and reflect the client's appeal decision at the time of sentencing.  *Green v. United States*, 2017 WL 843168 at *1 (S.D. Ga. Mar. 3, 2017); *see also Guyton v. United States*, 2013 WL 1808761 at * 2 (S.D. Ga. Apr. 29, 2013) (the "Notice of Counsel's Post-Conviction Obligations" requires that both counsel and client execute and file the form, thus preserving a record of defendant's instructions regarding an appeal).

[3]  Glover lists several grounds that should have been raised on appeal.  He disputes the Government's improper characterization of his "consolidated Georgia state charges for possession with inten[t] to deliver control[led] substance and possession with intent to distribute control[led] substance" as multiple convictions, when they were actually "consolidated and tried together in a single indictment" with "a single sentence" imposed.  Doc. 96 at 14.  He also objects to the Government's "sham" plea agreement, which "reneged" on (1) its "implicit promise to consider specified

2

Preliminary § 2255 Rule 4 review shows that his motion must be **DENIED**.

Glover's arguments are blatantly contradicted by the record. He contends he was promised a "lenient" sentence of five years, despite swearing under oath that he had not been promised any specific sentence and that he knew he could face up to 20 years' imprisonment. *Compare* doc. 96 at 13 *with* doc. 84 at 5-6. And while a failure to consult with a defendant regarding an appeal (or otherwise abide his wish to appeal) can constitute ineffective assistance of counsel, *see Roe v. Flores-Ortega*, 528 U.S. 470, 480 (2000), movant expressly told his lawyer, in writing, not to file an appeal after he was fully informed of his appellate rights. Doc. 84 ("Notice of Post-Conviction Consultation") at 3-4.[4] His bare assertions to the contrary now cannot overcome what

---

mitigating factors" to "award" a "three level [reduction] for acceptance of responsibility, and reduction of sentence for full cooperation," and (2) its promise to "not enhance [his sentence] based on his prior state conviction." *Id.* at 14-16.

[4] Glover ignores these inconvenient facts in declaring, under penalty of perjury, the contrary. Doc. 98 ("I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. . . ."). He is reminded that lying under oath, either live or "on paper," is a criminally prosecutable offense. *See, e.g., United States v. Dickerson*, CR608-36, doc. 1 (S.D. Ga. Dec. 11, 2008) (§ 2255 movant indicted for perjury for knowingly lying in his motion seeking collateral relief from his conviction); *id.*, doc. 47 (guilty verdict), *cited in Irick v. United States*, 2009 WL 2992562 at * 2 (S.D. Ga. Sept. 17, 2009); *see also Colony Ins. Co. v. 9400 Abercorn, LLC*, 866 F. Supp. 2d 1376, 1378 n. 2 (S.D. Ga. 2012).

he swore to be true shortly after sentencing. *See, e.g., Eason v. United States*, 2014 WL 4384652 at * 3 (S.D. Ga. Sept. 3, 2014). And with nothing to excuse his failure to appeal, Glover's other claims[5] are procedurally defaulted. *See United States v. Nyhuis*, 211 F.3d 1340, 1344 (11th Cir. 2000).

Accordingly, Damien Lamont Glover's § 2255 motion should be **DENIED**.[6] For the reasons set forth above, it is plain that he raises no substantial claim of deprivation of a constitutional right. Accordingly, no certificate of appealability should issue. 28 U.S.C. § 2253; Fed. R. App. P. 22(b); Rule 11(a) of the Rules Governing Habeas Corpus Cases Under 28 U.S.C. § 2255 ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the

---

[5] Glover waves at pre-plea errors, noting that "there was no eviden[ce] to support a single assertion made in the indictment that did not meet the specificity required in indicting a criminal defendant in this case." *Id*. at 16. But even if not procedurally defaulted, Glover expressly swore that the reason he was pleading guilty was because "he is, in fact, guilty of this offense" and affirmed "the accuracy of the [Government's] facts, which satisfy each of [Count One of the Indictment]'s required elements." Doc. 84 at 4-5.

[6] Because his motion is entirely without merit and his contentions are unambiguously contradicted by the record, an evidentiary hearing is not warranted. *Lynn v. United States*, 365 F.3d 1225, 1239 (11th Cir. 2004) (where the motion "amount[ed] to nothing more than mere conclusory allegations, the district court was not required to hold an evidentiary hearing on the issues and correctly denied [movant]'s § 2255 motion.").

applicant."). Any motion for leave to appeal *in forma pauperis* therefore is moot.

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. U.S.*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this __2nd__ day of February, 2018.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA