# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

DAMIEN LAMONT GLOVER,      )
                              )
       Movant,             )
                              )
v.                        )        CV418-020
                              )        CR416-258
UNITED STATES OF AMERICA,   )
                              )
       Respondent.     )

## REPORT AND RECOMMENDATION

After Damien Lamont Glover pled guilty to conspiracy to possess with intent to distribute controlled substances, the Court sentenced him to 151 months' imprisonment. Docs. 84 (plea agreement) & 85 (judgment).[1] He seeks to vacate his sentence pursuant to 28 U.S.C. § 2255 (doc. 96) and asks the Court to provide copies of his "trial" transcript free of charge[2] (docs. 104 & 107). *See generally* 28 U.S.C. § 753(f) (transcripts may be provided at public expense in § 2255 proceedings "if the trial judge . . . certifies that the suit . . . is not

---

[1] The Court is citing to the criminal docket in CR416-258 unless otherwise noted, and all page numbers are those imprinted by the Court's docketing software.

[2] The Court assumes he means his Rule 11 plea hearing and sentencing hearing transcripts, as he did not have a "trial." The sentencing transcript has already been transcribed and lodged on the record, doc. 97, though his prior request that it be transcribed and presented to him was denied by the district judge. Doc. 93.

frivolous and that the transcript is needed to decide the issue presented by the suit").

There is no entitlement to a free transcript in collateral proceedings under 28 U.S.C. § 2255.  *United States v. MacCollom*, 426 U.S. 317, 326-28 (1976).  Indeed, "[t]he usual grounds for successful collateral attacks upon convictions arise out of occurrences outside of the courtroom or of events in the courtroom of which the defendant was aware and can recall without the need of having his memory refreshed by reading a transcript.  He may well have a need of a transcript (to support his claim) but rarely, if ever, . . . to become aware of the events or occurrences which constitute a ground for collateral attack." *Id.* (quotes omitted).

Glover's § 2255 motion is predicated on counsel's ineffectiveness, which he adequately summarized in his first motion.  Doc. 96 at 13-17.  He seeks transcripts for use in amending his motion, apparently to comb through them in the hopes of discovering some flaw.  That is not the standard for free transcripts or copies.  This Court must be able to conclude that his collateral proceeding is not frivolous and that the transcript is needed to decide the issues presented.  28 U.S.C. § 753(f).

The undersigned has already recommended that Glover's § 2255 motion be denied, as his "arguments are blatantly contradicted by the record" and his other claims are procedurally defaulted. Doc. 99 at 3-4; *see* doc. 101 (vacating Report and Recommendations and permitting Glover additional time to amend his motion, while reminding him that lying under oath is a "criminally prosecutable offense."). More importantly, his motion hinges on counsel's alleged private misrepresentations to Glover, none of which would be reflected in the Court's official transcripts of the Rule 11 or sentencing hearings. *See* doc. 96 at 13-17 (alleging counsel "misled" him into pleading guilty and failed to appeal despite being told to do so). Transcripts of the Court's Rule 11 and sentencing hearings would thus serve no purpose in supporting his motion. The preparation and copying of the transcripts at public expense is unwarranted under § 753(f). *MacCollom*, 426 U.S. at 328.

Glover's "motion requesting the Court to rule on [his] transcript fee waiver" also expands his request to a "Copy of all the Criminal Record, Transcript, Exhib[i]ts, Discovery, Police Report and Charging Papers, PreTrial Pleading, and Conference Transcripts, Including the Plea and Sentencing Transcripts of Record in this Case." Doc. 107 at 1.

To the extent that he renews his request for an Order that his prior trial counsel produce copies of his case file, this Court has already explained that he has "failed to show that the requested records in this case exist and are in his attorney's possession."  Doc. 93 at 2 (reminding counsel of his ethical obligation to produce any such records, if they exist).   To the extent he instead seeks the production of these records to "work" on his motion, he does not specify why he needs any individual document, much less the lot of them.  *See* docs. 104 & 107.

Even after a § 2255 motion or habeas petition is filed, a movant is generally "not entitled to discovery as a matter of ordinary course" but must instead demonstrate "good cause."  *Arthur v. Allen*, 459 F.3d 1310, 1310 (11th Cir. 2006); *see also* Rules 1(b) and 6(a) of the Rules Governing § 2254 Cases; Rule 6(a) of the Rules Governing Section 2255 Proceedings*; United States v. Hollis*, 2010 WL 892196 (D. Ak. Mar. 10, 2010) (denying document unsealing without a relevancy showing because such production would just be a "fishing expedition for the sake of turning up new potential 2255 claims").  Here, Glover has not made any need-based showing for these documents beyond his vague, conclusory belief that they may be of some use to him.  *See* docs. 104 & 107.  His

4

request is therefore denied. *See Hands v. United States*, 2016 WL 4995074 at *3 (E.D.N.C. Sept. 19, 2016).

Even had Glover shown a legitimate need, his inmate account statement demonstrates that he is not indigent. That document reflects a current account balance of $42.31 and more than $1,250.00 in deposits over the prior six months, with an average daily balance of $78.08 over the prior six months. Doc. 106 at 2-3. "[A] litigant's ability to pay" the costs of litigation "must be assessed in light of the magnitude of the proposed expenditure." *Walker v. People Exp. Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989). His account balance is sufficient to accommodate paying for copies of documents reflected on the Court's as any other civil litigant would. *See* 28 U.S.C. § 1914(b). His motion to proceed IFP (doc. 105) therefore should be **DENIED**. The cost for reproducing any record or paper is $.50 per page, such fee to be tendered to the Clerk with any request for copies of court files directed to the Clerk of Court. Judicial Conference Schedule of Fees at ¶ 4 (effective Dec. 1, 2016).[3]

---

[3]   Glover is also notified that he may access many of his Court records electronically by creating a Public Access to Court Electronic Records (PACER) account. *See* https://pacer.psc.uscourts.gov/pscof/ registration.jsf, *accessed June 8, 2018*. There, "[a]ccess to case information costs $0.10 per page. The cost to access a single

In sum, Glover's request for copies of records at the public's expense and his application to proceed IFP should be **DENIED**. Docs. 104, 105 & 107.  Movant is **ORDERED** to file his amended § 2255 motion, if any, within 30 days of service of this Order.  If he fails to timely file an amended motion, the undersigned will reinstate the prior Report and Recommendation that Glover's motion be denied as meritless.

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.  Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."  Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

---

document is capped at $3.00, the equivalent of 30 pages.  The cap does not apply to name searches, reports that are not case-specific, or transcripts of federal court proceedings.  By Judicial Conference policy, if usage does not exceed $15 in a quarter, fees are waived."  https://pcl.uscourts.gov/pcl/index.jsf, *accessed June 8, 2018*. Because no filings on his criminal or civil dockets are sealed, he should be able to access anything filed to either docket via PACER.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this ___6th___ day of July, 2018.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA